**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF PENNSYLVANIA**

10/25/2016

IN RE:

PAUL W. POPP
154 COOL SPRINGS ROAD
SUTERSVILLE, PA 15083
XXX-XX-3169          Debtor(s)

Case No.11-26881 GLT

Chapter 13

## NOTICE OF CLAIMS FILED AND INTENTION TO PAY CLAIMS

NOTICE IS HEREBY GIVEN of claims filed and the intention of the Chapter 13 Trustee to pay the Claims of creditor named below and in the amounts and manner set forth below, subject to provisions of the plan and other Court orders and Rule 3010(b), Rules of Bankruptcy Procedure.

The Trustee has authority to pay claims based on the terms of the chapter 13 plan and of the order confirming the plan, summarized as follows:

1. Claims expressly provided for in the confirmed plan are paid in accordance with the plan or the order confirming the plan.

2. Creditors not specifically identified in Parts 1 - 15 of the plan, dealing with secured, priority and specially classified unsecured claims, are included in the class of general unsecured claims, and shall be paid in that manner. [So provided in the plan]

3. Should a pre-petition Creditor file a claim asserting secured or priority status that is not provided for in the plan, then after notice to the Trustee, counsel of record, (or the Debtor (s) in the event that they are not represented by counsel), the Trustee shall treat the claim as allowed unless the Debtor(s) successfully objects. The responsibility for reviewing the claims and objecting where appropriate is placed on the Debtor. [So provided in the plan]

4. Late-filed claims will not be paid unless all timely filed claims have been paid in full. Thereafter, all late-filed claims will be paid pro-rata unless an objection has been filed within 30 days of filing the claim. [So provided in the plan]

5. Debtor(s)'s counsel (or Debtor(s) if not represented by counsel) must review all proofs of claim within thirty (30) days after the claims bar date. All objections to pre−petition claims shall be filed within ninety (90) days after the claims bar date, thereafter allowing at least thirty (30) days for a response. [So provided in the order confirming the plan]

6. After the claims objection deadline, the Plan shall be deemed amended to conform to the claims filed or otherwise allowed. If the Plan expressly modified the terms of payment to any creditor pursuant to 11 U.S.C.§1322(b)(2), this shall not be construed to change the payment terms established in the Plan. [So provided in the order confirming the plan]

The following claim information is derived from the debtor(s)' schedules, chapter 13 plan and /or proofs of claim.  Any party who objects to the allowance of a filed claim must file a formal objection to the claim itself, NOT an objection to this notice.  This notice should not be construed as altering the deadlines for filing objections to claims as set forth in the Federal Rules of Bankruptcy Procedure, the confirmed chapter 13 plan, or the order confirming the chapter 13 plan.

Some of the claims listed on the following pages may have already been fully or partially paid by the Trustee (e.g. secured or priority claims which were provided for in a confirmed plan).  To determine whether or not any payments have already been disbursed on a claim, please consult the Trustee's web site at www.13network.com.

Pursuant to 11 U.S.C. 502 (a), the claims which have been filed as stated above will be deemed allowed for purposes of distribution and shall be paid unless the debtor or other party in interest has timely objected to the claim, and provided notice of the objection to the Trustee, prior to the claim being paid by the Trustee .

/s/ RONDA J. WINNECOUR
RONDA J WINNECOUR PA ID #30399
CHAPTER 13 TRUSTEE WD PA
600 GRANT STREET
SUITE 3250 US STEEL TWR
PITTSBURGH, PA  15219
(412) 471-5566
cmecf@chapter13trusteewdpa.com

I herein certify that a copy of this notice was served upon the listed creditors of record of this date and the debtor(s) and debtor(s) attorney of record on this date by regular U.S. Mail, postage prepaid, at the address as it appears in the records hereof.

10/25/2016

/s/Trustee'sAdministrativAssistant
CHAPTER 13 TRUSTEE WD PA
600 GRANT STREET
SUITE 3250 US STEEL TWR
PITTSBURGH, PA  15219
(412) 471-5566
cmecf@chapter13trusteewdpa.com

SEE NEXT PAGE FOR CLAIMS

**CLAIM RECORDS**

| | | | |
|---|---|---|---|
| **M & T BANK** | Trustee Claim Number:1 | INT %: 0.00% | CRED DESC: PRIMARY RES MORTGAGE REG |
| ATTN PAYMENT PROCESSING | Court Claim Number:1-3 | CRED %: 100.00% | ACCOUNT NO.: 4802 |
| POB 1288 | CLAIM: 0.00 | | MO. PMT.: $943.51 |
| BUFFALO, NY  14240-1288 | COMMENT: DKT4PMT-LMT*AMD*BGN 12/11 | | |
| | | | |
| **PNC BANK NA** | Trustee Claim Number:2 | INT %: 0.00% | CRED DESC: UNSECURED CREDITOR |
| POB 94982 | Court Claim Number: | CRED %: 100.00% | ACCOUNT NO.: ? |
| | CLAIM: 0.00 | | MO. PMT.: $0.00 |
| CLEVELAND, OH  44101 | COMMENT: NT ADR/SCH | | |
| | | | |
| **M & T BANK** | Trustee Claim Number:3 | INT %: 0.00% | CRED DESC: PRIMARY RES MORTGAGE ARR |
| ATTN PAYMENT PROCESSING | Court Claim Number:1-3 | CRED %: 100.00% | ACCOUNT NO.: 4802 |
| POB 1288 | CLAIM: 18,071.90 | | MO. PMT.: $0.00 |
| BUFFALO, NY  14240-1288 | COMMENT: CL1-3GOVS*$/PL-CL*AMD*THRU 11/11 | | |
| | | | |
| **M & T BANK** | Trustee Claim Number:4 | INT %: 0.00% | CRED DESC: Post Petition Claim (1305) |
| ATTN PAYMENT PROCESSING | Court Claim Number:1-3 | CRED %: 100.00% | ACCOUNT NO.: 4802 |
| POB 1288 | CLAIM: 425.00 | | MO. PMT.: $0.00 |
| BUFFALO, NY  14240-1288 | COMMENT: $PL-NTC*W/1 | | |
| | | | |
| **M & T BANK** | Trustee Claim Number:5 | INT %: 0.00% | CRED DESC: Post Petition Claim (1305) |
| ATTN PAYMENT PROCESSING | Court Claim Number:1-3 | CRED %: 100.00% | ACCOUNT NO.: 4802 |
| POB 1288 | CLAIM: 400.00 | | MO. PMT.: $0.00 |
| BUFFALO, NY  14240-1288 | COMMENT: $PL-NTC*SUPP NTC-POSTPET FEE-EXP*REF DOC*W/1 | | |

Case 11-26881-GLT    Doc 111    Filed 10/25/16    Entered 10/25/16 10:39:27    Desc
Page 3 of 3